RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third St
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wei Ma,<br><br>                              Plaintiff,<br><br>   --against—<br><br>Star Fire Protection, Inc., Johnny Ragnanan, as an individual,<br><br>                              Defendants. | **COMPLAINT**<br><br>**23-CV-01047** |

Plaintiff, WEI MA, ("Plaintiff") by counsel, RAYMOND NARDO, P.C., upon personal knowledge, complaining of defendants, STAR FIRE PROTECTION, Inc., and JOHNNY RAGNANAN, jointly and severally (collectively referred herein as "defendants") allege:

### NATURE OF THE ACTION

1. This action seeks to recover minimum wage and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on behalf of plaintiff.

2. Defendants deprived plaintiff of the protections of the FLSA and NYLL by failing to pay plaintiff premium overtime pay for all hours worked.

### JURISDICTION

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the corporate defendant is located at 224-50 Braddock Avenue, Queens Village, NY 11428, and the cause of action arose there.

### THE PARTIES

**Plaintiff**

7. Defendants employed plaintiff from January 2014 through March 3, 2022.

8. From the period of approximately February 15, 2017 through January 1, 2018, Defendants employed Plaintiff as a bookkeeper ("the Relevant Time Period").

9. During the Relevant Time Period, Plaintiff's duties were to record financial transactions, including accounts payable and receivable, and enter payroll hours.

10. During the Relevant Time Period, Plaintiff was supervised by the CFO and owner of the corporation.

11. Plaintiff did not supervise two or more full-time employees during the Relevant Time Period.

12. Plaintiff was not able to hire or fire for Defendants, nor recommend hiring or firing, the Relevant Time Period.

13. Plaintiff was not exempt from the FLSA, the Relevant Time Period.

14. Plaintiff was not exempt from the NYLL, the Relevant Time Period.

15. During the Relevant Time Period, Defendants employed Plaintiff 5 days per week, from 6:00am to 8:30pm, with a half hour for lunch, for approximately 60 hours each week.

16. During the Relevant Time Period, Defendants paid plaintiff $1,308 per week.

17. Defendants did not pay Plaintiff premium overtime pay for all hours worked.

18. Plaintiff was an "employee" of defendants within the meaning of the FLSA and the NYLL.

19. Defendant **STAR FIRE PROTECTION, Inc.** is a New York corporation with its principal executive office located at **224-50 BRADDOCK AVENUE, QUEENS VILLAGE, NY, 11428.**

20. Defendant **STAR FIRE PROTECTION, Inc.** is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including computers, pens, pads, mops, buckets, brooms, plastic garbage bags, disinfectant, sheet rock, tile, cement, and paint and (2) an annual gross volume of revenues in excess of $500,000.

21.  **STAR FIRE PROTECTION, Inc.** is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed plaintiff.

22.  Defendant corporation processed credit card payments in the usual course of business.

23.  At all relevant times, **JOHNNY RAGNANAN** has maintained control, oversight, and direction over plaintiff.

24.  Defendant **JOHNNY RAGNANAN** is employed by **STAR FIRE PROTECTION, Inc.**  He exercises sufficient control over either or both corporations' operations to be considered plaintiff's employer under the FLSA and NYLL, including the authority to hire and fire, assign work, supervise employees, maintain payroll records.

25.   At all times material herein, Defendant **JOHNNY RAGNANAN** established and exercised hiring, firing, and authority over Plaintiff's rate of pay.

26.  The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, or joint employer, within the meaning of the FLSA.

### DEFENDANTS' FAILURE TO PAY OVERTIME PAY

27.  Defendants suffered or permitted plaintiff to work and did not compensate plaintiff for premium overtime pay as required under New York State Law.

### DEFENDANTS' VIOLATIONS OF THE
### WAGE THEFT PREVENTION ACT

28.  The NYLL and Wage Theft Prevention Act requires employers to provide all

employees with a written notice of wage rates within ten days of the time of hire and when the wage rate is increased.

29. Defendants failed to furnish plaintiff with wage notices as required by § 195(1) of the Labor Law.

30. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

31. Defendants also failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

**FIRST CAUSE OF ACTION**
**(FLSA – Overtime Pay)**

32. Plaintiff reallege, and incorporate by reference, all allegations as though previously set forth herein.

33. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 et seq.

34. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce, within the meaning of 29 U.S.C. §§ 201 et seq.

35. Defendants have failed to pay plaintiff premium overtime pay to which he is entitled under the FLSA.

36. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were, or should have been, aware of the fact that the practices described in this Complaint were unlawful.

37. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff.

38. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 et seq.

39. As a result of Defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wage in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION
### (NYLL - Unpaid Overtime Pay)

40. Plaintiff realleges, and incorporates by reference, all allegations as though previously set forth herein.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

42. At all times relevant, plaintiff has been an employee of defendants, and defendants have been employers of plaintiff within the meaning of the NYLL §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

43. Defendants have failed to pay plaintiff premium overtime pay, which he is

entitled under the NYLL and the supporting New York State Department of Labor Regulations.

44. Through their knowing or intentional failure to pay premium overtime pay to plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

45. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from defendants unpaid overtime and liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**(NYLL – Failure to Provide Wage Notices)**

46. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

47. Defendants have willfully failed to supply plaintiff with a wage notice, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiff as their primary language, containing plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

48. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

49. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## FOURTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

50. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

51. Defendants have willfully failed to supply plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

52. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

53. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

### FIFTH CAUSE OF ACTION
**(Unlawful Withholding of Wages)**

54. Plaintiff realleges, and incorporates by reference, all previous allegations as though fully set forth herein.

55. Pursuant to § 193 of the New York Labor law, Defendants are not permitted to deduct anything from Plaintiff's pay.

56. Defendants unlawfully withheld Plaintiff's last paycheck in the amount of $1,900.

57. Said withholding is prohibited and unlawful under § 193 of the New York Labor Law.

58. Because of Defendants' willful violation of Article 6 of the NYLL, Plaintiff is entitled to recover from Defendants, jointly and severally, the unlawful deductions from pay, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that defendants have violated the minimum wage provisions of the FLSA, and supporting United States Department of Labor Regulations;

b. declaring that defendants have violated the minimum wage provisions of the

NYLL, and supporting regulations;

    c.    declaring that defendants have violated the Wage Theft Prevention Act;

    d.    declaring that defendants' violations of the FLSA were willful;

    e.    declaring that defendants' violations of the NYLL were willful;

    f.    awarding plaintiff damages for all unpaid wages;

    g.    awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

    h.    awarding damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6, § 198;

    i.    awarding plaintiff liquidated damages of $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, as provided for by NYLL, Article 6, § 198;

    j.    awarding Plaintiff withheld pay and liquidated damages for Defendants' violation of § 193;

    k.    issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

    l.    awarding plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

    m.    granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

    n.    awarding plaintiff reasonable attorneys fees' and costs pursuant the FLSA and

the NYLL;

      o.   awarding such other and further relief as the Court deems just and proper.

Dated:    Mineola, NY
            February 8, 2023

                                     RAYMOND NARDO, P.C.

                        By:   RAYMOND NARDO, ESQ.
                                  129 Third St
                                  Mineola, NY 11501
                                  (516) 248-2121
                                  raymondnardo@gmail.com
                                  *Counsel for Plaintiff*